1  James R. Touchstone, SBN 184584
   Denise L. Rocawich, SBN 232792
2  jrt@jones-mayer.com; dlr@jones-mayer.com;
   JONES & MAYER
3  3777 North Harbor Boulevard
   Fullerton, CA 92835
4  Telephone: (714) 446-1400 / Facsimile: (714) 446-1448

5  Attorneys for Defendants
   JAMAAR BOYD-WEATHERBY, JONES & MAYER and RICHARD JONES
6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  PATRICIA A. KRAGE, an individual, <br><br>11 <br>          Plaintiff, <br>12 <br>    vs. <br>13 <br>14  CITY OF LAKEWOOD, a municipal corporation; GEORGE BOUWENS; CHARLES CARTER; PATRICK MCGUCKIAN; SONIA DIAS SOUTHWELL; HOWARD I. CHAMBERS; THADDEUS MCCORMACK; JAMAAR BOYD-WEATHERBY; ADRIENNE L. MENDOZA; JONES & MAYER; RICHARD D. JONES; MARTIN J. MAYER; CALIFORNIA SUPERIOR COURT; LOS ANGELES COUNTY; DOES 1 through 10, inclusive, <br>20 <br>          Defendants. | Case No:  CV 19-6069 DOC (SHK) <br>Judge: Hon. David O. Carter <br><br>**DEFENDANTS JAMAAR BOYD-WEATHERBY, JONES & MAYER, AND RICHARD JONES' MOTION TO DISMISS** <br><br>[Filed and lodged concurrently herewith: <br>(1)  Request for Judicial Notice; and <br>(2)  Certification of Interested Parties] <br><br>Date:   January 27, 2020 <br>Time:   8:30 a.m. <br>Crtm:  9D |

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 27, 2020 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court located at 411 West Fourth Street Santa Ana, CA, 92701, Defendants will, and hereby do, move to dismiss the Complaint in the above-captioned matter.

Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Complaint and each Claim for Relief therein fail to state facts sufficient to constitute claims on which relief can be granted against Defendants. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Request for Judicial Notice filed concurrently herewith, the file and records in this case, and whatever further argument the Court deems just and proper to entertain at the hearing on this Motion. This Motion is made following multiple conferences pursuant to Local Rule 7-3. Following said conferences, Defendant Martin Mayer was voluntarily dismissed as he is deceased.

Dated: December 18, 2019   Respectfully submitted,

            JONES & MAYER

By:/s/ Denise L. Rocawich
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Defendants Boyd-Weatherby, R. Jones and Jones & Mayer

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 9

I.      INTRODUCTION ............................................................................. 9

II.    STATEMENT OF RELEVANT FACTS ALLEGED IN COMPLAINT ...... 9

III.   LEGAL STANDARD ......................................................................... 10

IV.   ARGUMENT .................................................................................... 11

       A.    The City Has Authority to Declare and Abate Nuisances ................. 11

       B.    The First, Second and Third Claims for Relief Must Fail
             Because the JM Defendants Are Entitled to Prosecutorial
             Immunity and Qualified Immunity ....................................... 12

       C.    The First, Second and Third Claims Against the JM
             Defendants Must Fail Because the Claims Fail to State
             Facts Sufficient to Constitute a Viable Due Process Claim .............. 15

       D.    The First, Second and Third Claims Against the JM
             Defendants Must Fail Because the Complaint Contains
             No Allegations Showing Personal Involvement ................................ 16

       E.    The Second, Claim for Relief Must Fail as the Guarantee
             of Due Process Only Applies to Deliberate Decisions of
             Government Officials Not Negligent Decisions ................................ 17

       F.    The Fourth Claim for Relief Must Fail as 18 U.S.C. Sections
             241 and 242 Do Not Provide a Private Right of Action .................... 17

       G.    The Fifth Claim for Relief Must Fail as the Rules of
             Professional Conduct Do Not Provide a Private Right of Action ...... 18

       H.    The Sixth Claim for Relief Must be Dismissed Because
             It Fails to Allege Facts Showing Compliance With or Excuse
             From the Tort Claims Act, Is Barred by Prosecutorial Immunity
             and Fails to State Facts Sufficient to Constitute a Claim for
             Violation of Section 52.1 ............................................................ 18

V.    CONCLUSION ................................................................................ 22

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

Aldabe v. Aldabe
  616 F.2d 1089 (9th Cir. 1980) ........................................................... 17

Ascon Properties, Inc. v. Mobil Oil Co.
  866 F.2d 1149 (9th Cir. 1989) ........................................................... 10

Ashcroft v. al-Kidd
  563 U.S. 731, 131 S. Ct. 2074 (2011) ............................................... 15

Ashcroft v. Iqbal
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........... 10, 21

Barren v. Harrington
  152 F.3d 1193 (9th Cir. 1998) ...................................................... 16, 17

Bd. of Regents v. Roth
  408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) ..................... 15

Big Bear Lodging Ass'n v. Snow Summit, Inc.
  182 F.3d 1096 (9th Cir. 1999) ........................................................... 10

Blankenhorn v. City of Orange
  485 F.3d 463 (9th Cir. 2007) ............................................................. 16

Brosseau v. Haugen
  543 U.S. 194, 125 S. Ct. 596 (2004) ................................................. 14

Chuman v. Wright
  76 F.3d 292 (9th Cir. 1996) ............................................................... 16

Clement v. Gomez
  298 F.3d 898 (9th Cir. 2002) ............................................................. 14

Daniels v. Williams
  474 U.S. 327, 106 S. Ct. 662 (1986) ................................................. 17

Delia v. City of Rialto
  621 F.3d 1069 (9th Cir. 2010) ........................................................... 14

-4-

Dunn v. Castro
   621 F.3d 1196 (9th Cir. 2010)................................................................. 14

Forrester v. White
   484 U.S. 219 (1988) ............................................................................... 13

Harlow v. Fitzgerald
   457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ..................... 12

Hewitt v. Grabicki
   596 F.Supp. 297 (E.D.Wash. 1984) aff'd 794 F.2d 1373 (9th Cir.
   1986)........................................................................................................ 14

Imbler v. Pachtman
   424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) ................... 12, 13

Johnson v. Riverside Healthcare Sys., LP
   534 F.3d 1116 (9th Cir. 2008)............................................................... 10

Jones v. Williams
   297 F.3d 930 (9th Cir. 2002)........................................................... 16, 17

Josfan v. Indochine
   2012 U.S. Dist. LEXIS 4689 (C.D. Cal. Jan. 13, 2012)...................... 21

Justin v. City & County of San Francisco
   2008 U.S. Dist. LEXIS 36468 (N.D. Cal. May 5, 2008) ................... 21

Lacey v. Arpaio
   2011 U.S. App. LEXIS 11593 (9th Cir. Ariz. June 9, 2011) ............. 16

Lacey v. Maricopa County
   693 F.3d 896 (9th Cir. 2012)................................................................. 13

Mathews v. Eldridge
   424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ......................... 16

Motley v. Parks
   432 F.3d 1072 (9th Cir. 2005)......................................................... 16, 17

Newman v. Universal Pictures
   813 F.2d 1519 (9th Cir. 1987) .............................................................. 10

North Star Int'l v. Arizona Corp. Comm'n
   720 F.2d 578 (9th Cir. 1983) ................................................................ 10

NOTICE OF MOTION AND MOTION TO DISMISS

Pearson v. Callahan
   555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) ................................... 14

Quezada v. County of Bernalillo
   944 F.2d 710 (10th Cir. 1991) ........................................................................ 14

Ruckelshaus v. Monsanto Co.
   467 U.S. 986, 104 S. Ct. 2862, 81 L. Ed 2d 815 (1984) .................................. 15

Freeman ex rel. the Sanctuary v. Hittle
   708 F.2d 442 (9th Cir. 1983) ......................................................................... 13

Schaeffer v. County of Orange
   2011 U.S. Dist. LEXIS 101751 (C.D. Cal. Sept. 9, 2011) ............................... 21

Shoultes v. Laidlaw
   886 F.2d 114 (6th Cir. 1989) ......................................................................... 13

Spitzer v. Aljoe
   2014 U.S. Dist. LEXIS 37785 (N.D. Cal. Mar. 20, 2014) ............................... 13

Tanya A. v. City of San Diego
   2018 U.S. Dist. LEXIS 24476 (S.D. Cal. Feb. 13, 2018) ................................ 13

Torres v. City of L.A.
   548 F.3d 1197 (9th Cir. 2008) ....................................................................... 16

Ybarra v. Reno Thunderbird Mobile Home Village
   723 F.2d 675 (9th Cir. 1984) ......................................................................... 13

**California Cases**

Amylou R. v. County of Riverside
   28 Cal.App.4th 1205 (1994) ........................................................................... 19

Breneric Assoc. v. City of Del Mar
   65 Cal.App.4th 166 (1998) ............................................................................. 15

County of Los Angeles v. Superior Court
   181 Ca1. App. 4th 218, 228-234 (2009) ......................................................... 19

Fair v. Bakhtiari
   195 Cal. App. 4th 1135 (2011) ....................................................................... 18

Jones v. Kmart Corp.
17 Cal.4th 329 (1998). Civil...........................................................................20

Kemmerer v. County of Fresno
200 Cal.App.3d 1426 (1988) ........................................................................19

Ramirez v. Wong
188 Cal. App. 4th 1480................................................................................21

Shirk v. Vista Unified Sch. Dist.
42 Cal. 4th 201 (2007)................................................................................19

State of California v. Superior Court (Bodde)
32 Cal.4th 1234 (2004) ...............................................................................19

Venegas v. County of Los Angeles
32 Cal.4th 820 (2004) .................................................................................21

Wilhelm v. Pray, Price, Williams & Russell
186 Cal. App. 3d 132 (1986) ........................................................................18

**Federal Statutes**

18 U.S.C.
§§ 241 ......................................................................................................17
§ 241, 242 ............................................................................................9, 17

42 U.S.C
§ 1983 ...............................................................................................*passim*

Federal Rule of Civil Procedure 12(b)(6).................................................9, 10, 14

**California Statutes**

Cal.Gov.Code
§ .............................................................................................................12
§ 36900 ....................................................................................................11
§ 37100 ....................................................................................................11
§ 38771 ...............................................................................................11, 12
§ 41803.5 and 41803 .................................................................................12

Cal. Gov't Code
§ 810-996.6...............................................................................................18

-7-

**California Government Code**
§ 821.6 ................................................................................. 19, 20

**Civil Code**
§ 52.1 ............................................................................. 18, 20, 21

**Government Code**
§ 820.2 ...................................................................................... 20
§ 39501 ...................................................................................... 11

**Vehicle Code**
§ 22660 ...................................................................................... 12

**Other Authorities**

**Lakewood Municipal Code**
§§ 4320 et seq. ........................................................................... 11

**LMC**
§ 4323(c) .................................................................................... 11
§ 4323(d) .................................................................................... 11
§ 4323(h) .................................................................................... 11
§§ 4324.1-4324.3 ......................................................................... 11
§§ 4324.1-4324.3, 4331.3-4331.4 .................................................. 16
§ 4330 ........................................................................................ 12
§§ 4330 and 4331 ........................................................................ 11
§§ 4331.3-4331.4 ......................................................................... 12
§ 4902 ........................................................................................ 12

**Fourteenth Amendment** ............................................................ 17

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants, Jamaar Boyd-Weatherby, Jones & Mayer and Richard Jones ("JM Defendants"), respectfully move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Krage's Complaint on the ground that it fails to state claims upon which relief can be granted. The Complaint fails as against the JM Defendants in that it fails to state factual allegations necessary to establish the required elements of the claims against them, attempts to state claims for which the JM Defendants are immune and attempts to state claims upon which no right of action exists. Accordingly, Krage's Complaint should be dismissed as stated below.

## II.   STATEMENT OF RELEVANT FACTS ALLEGED IN COMPLAINT

Plaintiff Krage owns real property at 5708 Candor Street Lakewood, CA 90713 ("The Property"). Complaint (Compl.) ¶ 5. Lakewood is a general law city not a charter city. Compl. ¶ 10. Krage's property has been the subject of a code enforcement investigation by the City of Lakewood. Id. The City's code enforcement investigation culminated in the filing of a criminal complaint -- Los Angeles Superior Court Case No: 8BL05411-02. Id. Defendant Boyd-Weatherby is the City Prosecutor for the City of Lakewood. Compl. at ¶ 18. Defendant Jones & Mayer is the City Attorney for the City of Lakewood. Compl. ¶ 20. Defendant Richard Jones is the managing partner of Defendant Jones & Mayer. Compl. ¶ 21. Krage alleges that the actions of the JM Defendants in initiating a code enforcement investigation and prosecution violated right under federal and state law. Krage filed a Complaint alleging the following Claims for Relief (1) Violation of Civil Rights under 42 U.S.C § 1983; (2) Negligent Deprivation of Civil Rights under 42 U.S.C § 1983; (3) Conspiracy to Violate Civil Rights under 42 U.S.C § 1983; (4) Conspiracy to Violate 18 U.S.C. §241, 242; (5) Violations of State Bar

1   Act; and (6) Conspiracy to Violate Civil Rights 52.1.

2

3   **III.   LEGAL STANDARD**

4        A complaint must be supported by *factual* allegations. Ashcroft v. Iqbal,

5   556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "While legal

6   conclusions can provide the framework of a complaint", neither legal conclusions

7   nor conclusory statements are themselves sufficient, and such statements are not

8   entitled to a presumption of truth. Id. at 679.

9        Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate

10   when it is clear that no relief could be granted under any set of facts that could be

11   proven consistent with the allegations set forth in the Complaint.  See Big Bear

12   Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999);

13   Newman v. Universal Pictures, 813 F.2d 1519, 1521-22 (9th Cir. 1987).  A court

14   should dismiss a claim if it lacks a cognizable legal theory or if there are

15   insufficient facts alleged under a cognizable legal theory. Johnson v. Riverside

16   Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008).

17        The Court must view all allegations in the Complaint in the light most

18   favorable to the non-movant and must accept all material allegations — as well as

19   any reasonable inferences to be drawn from them — as true.  See Big Bear

20   Lodging Ass'n, supra 182 F.3d at 1101 and North Star Int'l v. Arizona Corp.

21   Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Leave to amend "need not be granted

22   where the amendment of the complaint would cause the opposing party undue

23   prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

24   delay." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

25   1989).

26

27

28

## IV.   <u>ARGUMENT</u>

### A.   <u>The City Has Authority to Declare and Abate Nuisances</u>

As a preliminary matter, the entire Complaint is premised on the theory that the City of Lakewood, as a general law city rather than charter city, lacks authority to pass ordinances relating to nuisance abatement. <u>See</u> Compl. at ¶¶ 10, 11, 27. However, Lakewood's lack of a charter is irrelevant. Lakewood's authority to pass the municipal codes in question derives directly from the California Government Code and California Vehicle Code.

The legislative body of a city may pass ordinances not in conflict with the Constitution and laws of the State or the United States. Cal.Gov.Code § 37100. More specifically, "[b]y ordinance the city legislative body may declare what constitutes a nuisance." Cal.Gov.Code § 38771. Violation of a city ordinance is a misdemeanor. Cal.Gov.Code § 36900.

Pursuant to this authority, the City of Lakewood passed Lakewood Municipal Code ("LMC") sections 4320 et seq. declaring certain conditions to be nuisances including Accumulation of Trash, Litter and Debris [LMC § 4323(c)], Dead, Diseased, Overgrown or Missing Vegetation [LMC § 4323(d)] and Refuse Container Storage [LMC § 4323(h)] under which Krage was cited and eventually criminally prosecuted. <u>See</u> Request for Judicial Notice ("RJN") filed concurrently7 herewith at Exhibits "A" and "C". Lakewood is specifically authorized to pass such an ordinance under both Government Code section 38771, cited above, and by Government Code section 39501 providing that a city has authority regarding weed and rubbish abatement and "may compel the owner, lessee, or occupant of buildings, grounds, or lots to remove dirt, rubbish, weeds, and rank growths from buildings or grounds and adjacent sidewalks." The LMC provides for a hearing and appeal procedure. <u>See</u> RJN at Exhibit "A" LMC §§ 4324.1-4324.3.

The City also passed LMC sections 4330 and 4331 declaring abandoned, wrecked, dismantled or inoperable vehicles to be a nuisance. Krage was cited and

1    eventually criminally prosecuted for violating LMC section 4330. See RJN at

2    Exhibits "B" and "C". Lakewood is specifically authorized to pass such an

3    ordinance under both Government Code section 38771, cited above, and by

4    Vehicle Code section 22660 providing that "a city…may adopt an ordinance

5    establishing procedures for the abatement and removal, as public nuisances, of

6    abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof from

7    private or public property…". Again, the LMC provides for a hearing and appeal

8    procedure. See RJN at Exhibit "B" LMC §§ 4331.3-4331.4.

9        More specific to the JM Defendants, the City of Lakewood has authority to

10   appoint a city attorney. Cal.Gov.Code § 36505. Jones Mayer, as city attorney, has

11   authority to prosecute violations of the city municipal codes as misdemeanors. See

12   Cal.Gov.Code § 41803.5 and 41803, Cal.Penal.Code § 691(d) and RJN at Exhibit

13   "D" LMC § 4902. In sum, the California Legislature has specifically authorized

14   the City of Lakewood to pass the ordinances under which Krage was cited and

15   prosecuted and has specifically authorized Jones Mayer to act as city prosecutor.

16   As such, the entire Complaint must fail as Lakewood and the JM Defendants were

17   well within their authority in taking the actions alleged in the Complaint.

18

19   **B.    The First, Second and Third Claims for Relief Must Fail Because**

20   **the JM Defendants Are Entitled to Prosecutorial Immunity and**

21   **Qualified Immunity**

22       The First, Second and Third Claims are brought under 42 U.S.C. § 1983.

23   These claims must fails because the JM Defendants are entitled to absolute

24   prosecutorial immunity and qualified immunity. Imbler v. Pachtman, 424 U.S. 409,

25   427-28, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) and Harlow v. Fitzgerald, 457 U.S.

26   800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

27       Under established law, absolute prosecutorial immunity shields prosecuting

28   attorneys, such as City Prosecutors Boyd-Weatherby and Jones &Mayer, from

-12-

1  liability for damages under §1983 for their alleged acts in the code enforcement

2  case relating to 5708 Candor. See Imbler, 424 U.S. at 430-431 [holding that

3  prosecutor is absolutely immune from § 1983 liability for initiating, prosecuting

4  and presenting case]; see also Ybarra v. Reno Thunderbird Mobile Home Village,

5  723 F.2d 675, 678 (9th Cir. 1984) [holding absolute immunity applies to

6  prosecutors where they act within the scope of their authority including acts having

7  some connection to the general matters committed to the prosecutor's control or

8  supervision]; see also Shoultes v. Laidlaw, 886 F.2d 114, 118 (6th Cir. 1989)

9  [absolute immunity for prosecuting nuisance action and contempt proceeding].

10      In addition, prosecutorial immunity extends to investigations performed to

11  prepare for prosecuting a case. Freeman ex rel. the Sanctuary v. Hittle, 708 F.2d

12  442, 443 (9th Cir. 1983); Lacey v. Maricopa County, 693 F.3d 896, 912 (9th Cir.

13  2012) ["Absolute immunity also protects those functions in which the prosecutor

14  acts as an 'advocate for the State,' even if they `involve actions preliminary to the

15  initiation of a prosecution and actions apart from the courtroom."] Prosecutorial

16  immunity also extends to city officials who enforce the city's municipal code.

17  Spitzer v. Aljoe, 2014 U.S. Dist. LEXIS 37785 (N.D. Cal. Mar. 20, 2014). In

18  Spitzer, the court ruled city officials were immune for their initiation of code

19  enforcement actions. Id. at 12 citing Butz v. Economou, 438 U.S. 478, 515 (1978)

20  ["agency officials performing certain functions analogous to those of a prosecutor

21  should be able to claim absolute immunity with respect to such acts."]; see also

22  Forrester v. White, 484 U.S. 219, 229 (1988) ["it is the "nature of the function

23  performed, not the identity of the actor who performed it, that informed our

24  immunity analysis"].

25      Lastly, prosecutorial immunity "extends to investigations even if there is a

26  later decision not to institute administrative proceedings or to initiate a

27  prosecution." Tanya A. v. City of San Diego, 2018 U.S. Dist. LEXIS 24476 (S.D.

28  Cal. Feb. 13, 2018) citing Ingram v. Flippo, 74 Ca1.App.4th 1280, 1293 (1999).

-13-

1   For all the foregoing reasons, the JM Defendants are entitled to absolute

2   prosecutorial immunity for their actions alleged in the First, Second and Third

3   Claims for Relief.

4       Additionally, when performing discretionary functions, government officials

5   are entitled to qualified immunity unless, in taking the challenged action, they

6   violate "clearly established statutory or constitutional rights of which a reasonable

7   person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct.

8   808, 172 L. Ed. 2d 565  (2009). The Supreme Court has repeatedly stressed the

9   importance of resolving immunity questions at the earliest possible stage in

10  litigation. Id. at 232. Thus, qualified immunity may properly be raised in a Rule

11  12(b)(6) motion. Quezada v. County of Bernalillo, 944 F.2d 710, 718 (10th Cir.

12  1991); Hewitt v. Grabicki, 596 F.Supp. 297, 306 (E.D.Wash. 1984) aff'd 794 F.2d

13  1373 (9th Cir. 1986).

14      When considering a claim of qualified immunity, courts engage in a two-

15  part inquiry: (1) Do the facts show that the defendant violated a constitutional

16  right, and (2) Was the right clearly established at the time of the defendant's

17  purported misconduct? Delia v. City of Rialto, 621 F.3d 1069, 1074 (9th Cir. 2010)

18  quoting Pearson v. Callahan, 555 U.S. 223, 231-32, 129 S. Ct. 808, 815-16 (2009).

19  "A negative answer [of either prong] ends the analysis, with qualified immunity

20  protecting the defendants from liability." Clement v. Gomez, 298 F.3d 898, 903

21  (9th Cir. 2002). A court may however exercise its discretion in reaching the second

22  prong first, which is solely a question of law. Dunn v. Castro, 621 F.3d 1196, 1199

23  (9th Cir. 2010); Brosseau v. Haugen, 543 U.S. 194, 201-02, 125 S. Ct. 596, 600

24  (2004).

25      "To overcome this presumption [of qualified immunity protection], a

26  plaintiff must show that the officer's conduct was 'so egregious that any reasonable

27  person would have recognized a constitutional violation.'"  Id. [internal citations

28  omitted]. The standard is a demanding one. The contours of a right must be

-14-

"sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011) [emphasis added]. Thus, the standard is not whether clearly established law *supported* an official's actions, rather it is whether an official's conduct was *prohibited* by clearly established law.

Here, the JM Defendants are entitled to qualified immunity because the California Government Code, California Vehicle Code and relevant cases specifically authorize the designation of nuisances and the prosecution of city municipal code violations such as occurred here. As such, Krage had no "clearly established right" to avoid prosecution, and the JM Defendant are entitled to qualified immunity as a matter of law.

### C. The First, Second and Third Claims Against the JM Defendants Must Fail Because the Claims Fail to State Facts Sufficient to Constitute a Viable Due Process Claim

Though it is not entirely clear, the First, Second and Third Claims for Relief seem primarily to be based in allegations of due process violations. However, such claims must fail. A §1983 claim for procedural due process violation must allege (1) existence of a constitutionally protected property (or liberty) interest, (2) deprivation of that interest by the government (3) without due process. Bd. of Regents v. Roth, 408 U.S. 564, 569-70, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). The courts strictly limit the nature of property rights protected by the due process clause. Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1001, 104 S. Ct. 2862, 81 L. Ed 2d 815 (1984). A viable § 1983 due process claim does not lie "absent a foundational showing that the government's action deprived him of a land use *to which he was entitled*." Breneric Assoc. v. City of Del Mar, 65 Cal.App.4th 166, 180 (1998) [emphasis added].

Here, the Complaint does not meet the threshold requirement for a due

1   process claim because a property owner does not have a constitutionally protected
2   right to maintain their property in a manner that constitutes a nuisance. Further,
3   even assuming arguendo that a protected property interest were at stake, due
4   process dictates that a property owner is entitled to notice and a fair hearing.
5   Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).
6   Here, the rights and procedures for inspection, abatement and appeal of orders are
7   detailed in the City's municipal Code. See RJN at Exhibits "A" and "B" LMC §§
8   4324.1-4324.3, 4331.3-4331.4. Accordingly, due process is fully satisfied.
9

10      **D.   The First, Second and Third Claims Against the JM Defendants**
11             **Must Fail Because the Complaint Contains No Allegations**
12             **Showing Personal Involvement**

13          In order to establish Section 1983 liability against the JM Defendants, a
14   plaintiff must allege "facts, not simply conclusions, that show that an individual
15   was personally involved in the deprivation of his civil rights". Barren v.
16   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); see also Lacey v. Arpaio, 2011
17   U.S. App. LEXIS 11593 (9th Cir. Ariz. June 9, 2011). Plaintiffs cannot hold an
18   official liable "because of his membership in a group without a showing of
19   individual participation in the unlawful conduct." Jones v. Williams, 297 F.3d 930,
20   935 (9th Cir. 2002); see Motley v. Parks, 432 F.3d 1072, 1082 (9th Cir. 2005);
21   Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996).
22          Instead, a plaintiff must establish the "integral participation" of the official
23   in the alleged constitutional violation. Jones, 297 F.3d at 935; see Torres v. City of
24   L.A., 548 F.3d 1197, 1206 (9th Cir. 2008). "Integral participation" requires "some
25   fundamental involvement in the conduct that allegedly caused the violation."
26   Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007); see Torres,
27   548 F.3d at 1206.
28          Krage's Complaint is completely devoid of facts alleging wrongful conduct

-16-

on the part of the named JM Defendants. It is entirely unclear what Krage alleges each JM Defendant did that she alleges violated her constitutional rights. As such, Krage has failed to plead any facts establishing that Jones & Mayer, Jamar Boyd-Weatherby, or Richard Jones were personally involved in any deprivation of her rights. See Barren, 152 F.3d at 1194. Krage cannot hold these Defendants liable simply by association or by under *respondeat superior* liability. See Jones, 297 F.3d at 935 and Motley, 432 F.3d at 1082. Because Krage has failed to show that Jones & Mayer, Jamar Boyd-Weatherby, or Richard Jones personally participated in any deprivation of her constitutional rights, the First, Second and Third Claims for Relief fail against those Defendants.

**E.      The Second Claim for Relief Must Fail as the Guarantee of Due Process Only Applies to Deliberate Decisions of Government Officials Not Negligent Decisions**

The Second Claim for Relief purports to state a cause of action for negligent violation of Section 1983. The due process clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property. See Daniels v. Williams, 474 U.S. 327, 331-32, 106 S. Ct. 662, 665 (1986). More specifically, mere lack of due care by a state official does not "deprive" an individual of life, liberty, or property under the Fourteenth Amendment. Id. Accordingly, the Second Claim fails for this reason in addition to those cited above.

**F.      The Fourth Claim for Relief Must Fail as 18 U.S.C. Sections 241 and 242 Do Not Provide a Private Right of Action**

The Fourth Claim for Relief fails to state facts sufficient to constitute a cause of action because 18 USCS §§ 241 and 242 provide no basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, the Fourth

-17-

1   Claim must be dismissed.

2

3   **G.** **The Fifth Claim for Relief Must Fail as the Rules of Professional**

4   **Conduct Do Not Provide a Private Right of Action**

5   The Fifth Claim Relief fails to state facts sufficient to constitute a cause of

6   action because the Rules of Professional Conduct do not provide a private right of

7   action nor do they subject attorneys to civil liability. See Wilhelm v. Pray, Price,

8   Williams & Russell, 186 Cal. App. 3d 132 (1986); see also Fair v. Bakhtiari, 195

9   Cal. App. 4th 1135, 1136-37 (2011) [A violation of the California Rules of

10  Professional Conduct subjects an attorney to disciplinary proceedings, but does not

11  in itself provide a basis for civil liability.] Accordingly, the Fifth  Claim must be

12  dismissed.

13

14  **H.** **The Sixth Claim for Relief Must be Dismissed Because It Fails to**

15  **Allege Facts Showing Compliance With or Excuse From the Tort**

16  **Claims Act, Is Barred by Prosecutorial Immunity and Fails to**

17  **State Facts Sufficient to Constitute a Claim for Violation of**

18  **Section 52.1**

19  The Sixth Claim purports to state a claim for damages against the JM

20  Defendants as public officials acting in the capacity of Lakewood City Attorney

21  and City Prosecutor. The California Tort Claims Act ("the Act") establishes

22  procedures for actions against California public entities and public officials such as

23  the JM Defndants. See Cal. Gov't Code § 810-996.6.  The Act requires the

24  presentation of a claim for "money or damages" as a prerequisite for suit against a

25  public entity such as the City of Lakewood or any officer thereof. Gov. Code §§

26  810-996.6. This requirement correlates to a heightened pleading standard. In other

27  words, simply complying with the claims presentation requirement is insufficient.

28  A plaintiff seeking tort damages against a public entity must allege facts in her

-18-

Complaint showing compliance with, or excuse from, claims presentation requirements. <u>State of California v. Superior Court (Bodde)</u>, 32 Cal.4th 1234, 1239 (2004).

Krage's Complaint is completely devoid of any reference to her compliance with the claim presentation requirement though appears to seek tort damages from the JM Defendants as public officials. Krage's failure to state when (or if) a claim was presented to the City makes it impossible for the Court to determine whether she complied with the requirement.  Failure to allege facts showing compliance with, or excuse from, the Act's claims presentation requirements is grounds for dismissal even if Krage actually filed a claim. <u>Bodde</u>, supra 32 Cal. 4th at 1239; <u>Shirk v. Vista Unified Sch. Dist.,</u> 42 Cal. 4th 201, 209 (2007). Accordingly, the Sixth Claim must be dismissed.

Additionally, absolute prosecutorial immunity bars all California tort-based claims against the JM Defendants. California Government Code section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." The courts construe §821.6 broadly to protect public employees performing their prosecutorial duties from the threat of harassment by civil suits. <u>Gillan v. City of San Marino,</u> 147 Ca1.App.4th 1033, 1048 (2007). Section 821.6 immunity extends not only to prosecuting attorneys, but to all public entity employees who are involved in the prosecutorial or investigatory process and to acts during an investigation before instituting a judicial or administrative proceeding because investigations are an "essential step toward the institution of formal proceedings. <u>Kemmerer v. County of Fresno</u>, 200 Cal.App.3d 1426, 1436 (1988); <u>Amylou R. v. County of Riverside</u>, 28 Cal.App.4th 1205, 1209-1210 (1994).)

In <u>County of Los Angeles v. Superior Court</u>, 181 Ca1. App. 4th 218, 228-234 (2009), the court held District Attorney staff investigators were entitled to § 821.6

immunity for "investigating, obtaining a warrant, searching, seizing, retaining, and even damaging plaintiffs' property" as this conduct "fell within the scope of the investigating staff members' employment with the County." Id. at 230. Immunity applied even if they acted "maliciously and without probable cause." Id. The § 821.6 immunity also applies even if the authorities decide not to file charges and to conduct occurring after the case is closed: "if the act is taken as part of the process, it is protected by the immunity in section 821.6." Id. at 229.

Here, the Sixth Claim is based entirely upon alleged acts by the JM Defendants acting in their official capacities in investigating code violations and prosecuting the criminal complaint. These are quintessential prosecutorial actions for which §821.6 immunity applies. Hence, all of the JM Defendants are immune from liability on the Sixth Claim.

Additional Claims Act immunities shield the JM Defendants including: Government Code § 820.2 [immunity for discretionary acts or omissions, whether or not such discretion be abused]; § 820.4 [immunity for acts or omissions, exercising due care, in the execution or enforcement of any law]; § 821.4 [immunity for failure to make an inspection, or inadequate or negligent inspection of property to determine "whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety"]; and § 821.8 [immunity for injury "arising out of his entry upon any property where such entry is expressly or impliedly authorized by law..."]

Finally, the Sixth Claim fails to allege sufficient facts to state a claim under Civil Code section 52.1. "The Legislature enacted [Civil Code] section 52.1 to stem a tide of hate crimes." Jones v. Kmart Corp., 17 Cal.4th 329, 338 (1998). Civil Code section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones, supra, 17 Cal.4th at p. 334. To obtain relief under Civil Code section 52.1, a plaintiff need not allege the defendant acted with discriminatory animus or intent; a defendant is liable if he

1    or she interfered with the plaintiff's constitutional rights by the requisite threats,

2    intimidation, or coercion. <u>Venegas v. County of Los Angeles</u>, 32 Cal.4th 820, 841–

3    843 (2004).

4          "The essence of a Bane Act claim is that the defendant, by the specified

5    improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent

6    the plaintiff from doing something he or she had the right to do under the law or to

7    force the plaintiff to do something that he or she was not required to do under the

8    law." <u>Ramirez v. Wong</u>, 188 Cal. App. 4th 1480, 1486-1487. Further, alleging and

9    even establishing a Constitutional violation alone is insufficient to establish a claim

10   under Section 52.1 without the requisite interference by threats, intimidation or

11   coercion. <u>Justin v. City & County of San Francisco</u>, 2008 U.S. Dist. LEXIS 36468

12   (N.D. Cal. May 5, 2008), <u>Josfan v. Indochine</u>, 2012 U.S. Dist. LEXIS 4689 (C.D.

13   Cal. Jan. 13, 2012), <u>Schaeffer v. County of Orange</u>, 2011 U.S. Dist. LEXIS 101751

14   (C.D. Cal. Sept. 9, 2011). In other words, even if Krage establishes a constitutional

15   claim against the JM Defendants, there is still no Section 52.1 claim absent the

16   requisite threats, intimidation or coercion. Krage's Section 52.1 Claim contains no

17   factual allegations whatsoever of interference with a Constitutional right by means

18   of threats, intimidation or coercion. The Complaint contains nothing but a list of

19   legal conclusions contrary to the requirements of <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

20   679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). For all these reasons, the

21   Sixth Claim must fail.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1   **V.      CONCLUSION**

2          For all the foregoing reasons, Defendants Jamaar Boyd-Weatherby, Richard

3   Jones and Jones & Mayer respectfully request that Plaintiff's Complaint be

4   dismissed in its entirety as set forth above.

5

6   Dated: December 18, 2019                    Respectfully submitted,

7                                               JONES & MAYER

8

9                                               By: /s/ Denise L. Rocawich
                                                     JAMES R. TOUCHSTONE
10                                                   DENISE L. ROCAWICH
                                                     Attorneys for Defendants Boyd-
11                                                   Weatherby, R. Jones and Jones &
                                                     Mayer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28