1  James R. Touchstone, SBN 184584
   jrt@jones-mayer.com
2  Denise L. Rocawich, SBN 232792
   dlr@jones-mayer.com;
3  JONES & MAYER
   3777 North Harbor Boulevard
4  Fullerton, CA 92835
   Telephone: (714) 446-1400 / Facsimile: (714) 446-1448
5
6  Attorneys for Defendants, City of Lakewood, George Bouwens, Charles Carter,
   Patrick McGuckian, Sonia Dias Southwell, Howard I Chambers, Thaddeus
   McCormack and Adrienne Mendoza
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | PATRICIA A. KRAGE, an              | Case No:  CV 19-6069 DOC (SHK)
    | individual,                         | Judge: Hon. David O. Carter
12 |                                     |
    |              Plaintiff,             | **DEFENDANTS CITY OF
13 |                                     | LAKEWOOD, BOUWENS, CARTER,
    |        vs.                          | MCGUCKIAN, SOUTHWELL,
14 |                                     | CHAMBERS, MCCORMACK AND
    | CITY OF LAKEWOOD, a municipal       | MENDOZA'S ANSWER TO
15 | corporation; GEORGE BOUWENS;        | COMPLAINT**
    | CHARLES CARTER; PATRICK             |
16 | MCGUCKIAN; SONIA DIAS               |
    | SOUTHWELL; HOWARD I.                |
17 | CHAMBERS; THADDEUS                  |
    | MCCORMACK; JAMAAR BOYD-             |
18 | WEATHERBY; ADRIENNE L.              |
    | MENDOZA; JONES & MAYER;             |
19 | RICHARD D. JONES; MARTIN J.         |
    | MAYER; CALIFORNIA SUPERIOR          |
20 | COURT; LOS ANGELES COUNTY;          |
    | DOES 1through 10, inclusive,        |
21 |                                     |
    |          Defendants.               |
22

23

24

25

26

27

28

                                1

Answering Plaintiff's Complaint for: (1) Violation of Civil Rights under 42 U.S.C § 1983; (2) Negligent Deprivation of Civil Rights under 42 U.S.C § 1983; (3) Conspiracy to Violate Civil Rights under 42 U.S.C § 1983; (4) Conspiracy to Violate 18 U.S.C. §241, 242; (5) Violations of State Bar Act; and (6) Conspiracy to Violate Civil Rights 52.1 ("Complaint"), Defendants City of Lakewood, George Bouwens Charles Carter, Patrick McGuckian, Sonia Dias Southwell, Howard I. Chambers, Thaddeus McCormack and Adrienne Mendoza (collectively "Answering Defendants") admit, deny, and allege as follows:

1.    Answering paragraph 1 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that venue is proper. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 1 of the Complaint.

2.    Answering paragraph 2 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that this Court has subject-matter jurisdiction over this case insofar as this case arises under 42 U.S.C. § 1983. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 2 of the Complaint.

3.    Answering paragraph 3 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that this Court has supplemental jurisdiction over the pendant state law claims. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 3 of the Complaint.

4.    Answering paragraph 4 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Plaintiff Krage resides at and

ANSWER TO COMPLAINT

controls 5708 Candor Street in the City of Lakewood, CA. As to the remaining allegations, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

5. Answering paragraph 5 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Plaintiff Krage resides at and controls 5708 Candor Street in the City of Lakewood, CA. As to the remaining allegations, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

6. Answering paragraph 6 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Plaintiff Krage resides at and controls 5708 Candor Street in the City of Lakewood, CA. As to the remaining allegations, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

7. Answering paragraph 7 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Plaintiff Krage resides at and controls 5708 Candor Street in the City of Lakewood, CA. As to the remaining allegations, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

8. Answering paragraph 8 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that James Krage resides at and

1    controls 5708 Candor Street in the City of Lakewood, CA along with Plaintiff

2    Krage. As to the remaining allegations, Answering Defendants are without

3    sufficient knowledge or information to form a belief as to the truth of the

4    allegations, and on that basis deny each and every allegation contained therein.

5           9.     Answering paragraph 9 of the Complaint, insofar as the allegations of

6    this paragraph contain legal conclusions, no answer is required. To the extent an

7    answer is required, Answering Defendants are without sufficient knowledge or

8    information to form a belief as to the truth of the allegations, and on that basis

9    denies each and every allegation contained therein.

10         10.    Answering paragraph 10 of the Complaint, insofar as the allegations

11    of this paragraph contain legal conclusions, no answer is required. To the extent an

12    answer is required, Answering Defendants admit the City of Lakewood is a

13    municipal corporation and general law city. Answering Defendants further admit

14    that City of Lakewood is not a charter city. Answering Defendants further admit

15    that Krage's property at 5708 Candor Street has been the subject of a code

16    enforcement investigation culminating in a criminal case being filed. Except as so

17    admitted, Answering Defendants deny each and every allegation contained in

18    paragraph 10 of the Complaint.

19         11.    Answering paragraph 11 of the Complaint, insofar as the allegations

20    of this paragraph contain legal conclusions, no answer is required. To the extent an

21    answer is required, Answering Defendants admit that Krage's property at 5708

22    Candor Street has been the subject of a code enforcement investigation culminating

23    in a criminal case being filed. Except as so admitted, Answering Defendants deny

24    each and every allegation contained in paragraph 11 of the Complaint.

25         12.    Answering paragraph 12 of the Complaint, insofar as the allegations

26    of this paragraph contain legal conclusions, no answer is required. To the extent an

27    answer is required, Answering Defendants admit that Defendant George Bouwens

28    is employed by the City of Lakewood. Except as so admitted, Answering

Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Defendant Charles Carter is employed by the City of Lakewood. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Defendant Patrick McGuckian is employed by the City of Lakewood. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Defendant Sonia Dias Southwell was previously employed by the City of Lakewood though has retired. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Defendant Howard I. Chambers was previously employed by the City of Lakewood though has retired. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Defendant Thaddeus

1   McCormack is employed by the City of Lakewood. Except as so admitted,
2   Answering Defendants deny each and every allegation contained in paragraph 17
3   of the Complaint.

4       18.     Answering paragraph 18 of the Complaint, insofar as the allegations
5   of this paragraph contain legal conclusions, no answer is required. To the extent an
6   answer is required, Answering Defendants admit that Jamaar Boyd-Weatherby is
7   employed by Jones & Mayer and acts as Deputy City Prosecutor for the City of
8   Lakewood Except as so admitted, Answering Defendants deny each and every
9   allegation contained in paragraph 18 of the Complaint.

10      19.     Answering paragraph 19 of the Complaint, insofar as the allegations
11  of this paragraph contain legal conclusions, no answer is required. To the extent an
12  answer is required, Answering Defendants admit that Adrienne Mendoza was
13  previously employed by Jones & Mayer and previously acted as Deputy City
14  Prosecutor for the City of Lakewood though is no longer employed by Jones &
15  Mayer or acting in the capacity of City Prosecutor for the City of Lakewood.
16  Except as so admitted, Answering Defendants deny each and every allegation
17  contained in paragraph 19 of the Complaint.

18      20.     Answering paragraph 20 of the Complaint, insofar as the allegations
19  of this paragraph contain legal conclusions, no answer is required. To the extent an
20  answer is required, Answering Defendants admit that Jones & Mayer is  a dba of
21  Richard D. Jones a Professional Legal Corporation and contracts with multiple
22  public agencies throughout California, including the City of Lakewood, to provide
23  municipal legal services. Except as so admitted, Answering Defendants deny each
24  and every allegation contained in paragraph 20 of the Complaint.

25      21.     Answering paragraph 21 of the Complaint, insofar as the allegations
26  of this paragraph contain legal conclusions, no answer is required. To the extent an
27  answer is required, Answering Defendants admit that Richard Jones is a named
28  partner and managing partner in Jones & Mayer. Except as so admitted, Answering

Defendants deny each and every allegation contained in paragraph 21 of the Complaint.

22.     Answering paragraph 22 of the Complaint, Defendant Mayer has been dismissed thus, no answer is required.

23.     Answering paragraph 23 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

24.     Answering paragraph 24 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

25.     Answering paragraph 25 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

26.     Answering paragraph 26 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that the City of Lakewood has no ownership interest in 5708 Candor Street. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

27.     Answering paragraph 27 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit the City of Lakewood is a

municipal corporation and general law city. Answering Defendants further admit that City of Lakewood is not a charter city. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

29.     Answering paragraph 29 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

30.     Answering paragraph 30 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit the City of Lakewood is a municipal corporation and general law city. Answering Defendants further admit that City of Lakewood is not a charter city. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31.     Answering paragraph 31 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants admit that Krage's property at 5708 Candor Street has been the subject of a code enforcement investigation culminating in a criminal case being filed for multiple violations of the City's municipal code. Except as so admitted, Answering Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an

1   answer is required, Answering Defendants deny each and every allegation
2   contained therein.

3       33.     Answering paragraph 33 of the Complaint, insofar as the allegations
4   of this paragraph contain legal conclusions, no answer is required. To the extent an
5   answer is required, Answering Defendants deny each and every allegation
6   contained therein.

7       34.     Answering paragraph 34 of the Complaint, insofar as the allegations
8   of this paragraph contain legal conclusions, no answer is required. To the extent an
9   answer is required, Answering Defendants deny each and every allegation
10  contained therein.

11      35.     Answering paragraph 35 of the Complaint, insofar as the allegations
12  of this paragraph contain legal conclusions, no answer is required. To the extent an
13  answer is required, Answering Defendants deny each and every allegation
14  contained therein.

15      36.     Answering paragraph 36 of the Complaint, insofar as the allegations
16  of this paragraph contain legal conclusions, no answer is required. To the extent an
17  answer is required, Answering Defendants deny each and every allegation
18  contained therein.

19      37.     Answering paragraph 37 of the Complaint, insofar as the allegations
20  of this paragraph contain legal conclusions, no answer is required. To the extent an
21  answer is required, Answering Defendants deny each and every allegation
22  contained therein.

23      38.     Answering paragraph 38 of the Complaint, insofar as the allegations
24  of this paragraph contain legal conclusions, no answer is required. To the extent an
25  answer is required, Answering Defendants deny each and every allegation
26  contained therein.

27      39.     Paragraph 39 of the Complaint merely incorporates by reference the
28  allegations of previous and future paragraphs.  In answering paragraph 39,

Answering Defendants incorporate their respective admissions and denials to each such paragraph enumerated above and below.

40.     Answering paragraph 40 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

41.     Answering paragraph 41 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

42.     Answering paragraph 42 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

43.     Answering paragraph 43 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

44.     Answering paragraph 44 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

45.     Answering paragraph 45 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

46.     Answering paragraph 46 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an

answer is required, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

47.     Answering paragraph 47 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

48.     Answering paragraph 48 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

49.     Answering paragraph 49 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

50.     Paragraph 50 of the Complaint merely incorporates by reference the allegations of previous and future paragraphs.  In answering paragraph 50, Answering Defendants incorporate their respective admissions and denials to each such paragraph enumerated above and below.

51.     Answering paragraph 51 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

52.     Answering paragraph 52 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

ANSWER TO COMPLAINT

53.     Answering paragraph 53 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

54.     Answering paragraph 54 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

55.     Answering paragraph 55 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

56.     Answering paragraph 56 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

57.     Answering paragraph 57 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

58.     Answering paragraph 58 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

59.     Answering paragraph 59 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

60.     Answering paragraph 60 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

61.     Paragraph 61 of the Complaint merely incorporates by reference the allegations of previous and future paragraphs.  In answering paragraph 61, Answering Defendants incorporate their respective admissions and denials to each such paragraph enumerated above and below.

62.     Answering paragraph 62 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

63.     Answering paragraph 63 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

64.     Answering paragraph 64 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

65.     Answering paragraph 65 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

66.     Answering paragraph 66 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

67.     Answering paragraph 67 of the Complaint, insofar as the allegations

of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

68.     Answering paragraph 68 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

69.     Answering paragraph 69 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

70.     Answering paragraph 70 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

71.     Paragraph 71 of the Complaint merely incorporates by reference the allegations of previous and future paragraphs.  In answering paragraph 71, Answering Defendants incorporate their respective admissions and denials to each such paragraph enumerated above and below.

72.     Answering paragraph 72 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

73.     Answering paragraph 73 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

74.     Answering paragraph 74 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an

answer is required, Answering Defendants deny each and every allegation contained therein.

75.   Answering paragraph 75 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

76   Answering paragraph 76 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

77.   Paragraph 77 of the Complaint merely incorporates by reference the allegations of previous and future paragraphs.  In answering paragraph 77, Answering Defendants incorporate their respective admissions and denials to each such paragraph enumerated above and below.

78.   Answering paragraph 78 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

79.   Answering paragraph 79 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

80.   Answering paragraph 80 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

81.   Answering paragraph 81 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation

contained therein.

82.    Answering paragraph 82 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

83.    Answering paragraph 83 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

84.    Answering paragraph 84 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

85.    Answering paragraph 85 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

86.    Answering paragraph 86 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

87.    Answering paragraph 87 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

88.    Answering paragraph 88 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

89.     Paragraph 89 of the Complaint merely incorporates by reference the allegations of previous and future paragraphs.  In answering paragraph 89, Answering Defendants incorporate their respective admissions and denials to each such paragraph enumerated above and below.

90.     Answering paragraph 90 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

91.     Answering paragraph 91 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

92.     Answering paragraph 92 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

93.     Answering paragraph 93 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

94.     Answering paragraph 94 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Answering Defendants deny each and every allegation contained therein.

95.     Answering paragraph 95 of the Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

In addition to each of the admissions and denials set forth above, Answering Defendants assert the following affirmative defenses.  The assertion of an affirmative defense shall not negate, by any means, Plaintiff's burden of proof on any element of her claims.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim for Relief)

Answering Defendants allege that neither the Complaint, nor any claim for relief asserted therein, asserts facts sufficient to constitute a claim against Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(Lawful Conduct)

Answering Defendants allege that their conduct was at all times reasonable and lawful under the circumstances.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Answering Defendants allege that that though under a duty to do so, Plaintiff has failed and neglected to mitigate the alleged damages, and therefore cannot recover against Answering Defendants whether as alleged, or otherwise. Answering Defendants are informed and believe and thereon allege that Plaintiff failed to exercise his duty to mitigate and limit her damage claims as to Answering Defendants, which acts and omissions by Plaintiff have estopped Plaintiff from asserting any claim for damages or seeking the relief requested against Answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Privilege)

Answering Defendants allege that each and claim for relief contained in Plaintiff's Complaint is barred because their conduct was, at all times, justified and privileged.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Answering Defendants allege that Plaintiff's claims for damages are barred, either in whole or in part, because Plaintiff's purported damages are remote, speculative and/or unavailable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Answering Defendants allege that the Complaint is barred as to the individual Defendants as to the claims under federal law because they are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Answering Defendants allege that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged duty, act or omission of any nature by Answering Defendants, which waiver serves to preclude any recovery here sought by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Abuse of Discretion)

Answering Defendants allege that Plaintiff is not entitled to relief on the ground that any conduct by or on behalf of Answering Defendants was at all times reasonable and did not constitute an abuse of discretion.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Answering Defendants allege that each and every claim for relief contained in Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Against Public Policy)

Answering Defendants reserve as an affirmative defense that Plaintiff is not entitled to relief on the ground that a judgment in favor of Plaintiff and against Defendants would violate public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

### (First Amendment Rights)

Answering Defendants reserve as an affirmative defense that, at all times relevant to the Complaint, each acted in good faith and in furtherance of their First Amendment Rights under the United States Constitution and California Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Prior Restraint)

Answering Defendants allege that the relief requested by Plaintiff would constitute a prior restraint on freedom of speech in violation of the United States

Constitution and California Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Violation of Rights)

Answering Defendants allege that they acted in good faith and neither directly nor indirectly performed any acts which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Violation of Code of Civil Procedure Section 425.16)

Answering Defendants allege that the Complaint is a SLAPP suit precluded by Code of Civil Procedure section 425.16.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Answering Defendants reserve as an affirmative defense that the Complaint is barred by the applicable statute of limitations, including Code of Civil Procedure section 335.1. See also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

### SIXTEENTH AFFIRMATIVE DEFENSE

(No Statutory Tolling)

Answering Defendants reserve as an affirmative defense that Plaintiff is not entitled to statutory tolling of the statute of limitations. See Cal.Code.Civ.Proc. §§ 352 and 357.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Equitable Tolling)

Answering Defendants reserve as an affirmative defense that Plaintiff is not entitled to equitable tolling of the statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (California Tort Claims Act)

Answering Defendants reserve as an affirmative defense that each and every state-law claim for relief contained in Plaintiff's Complaint is barred because Plaintiff failed to comply with the claims presentation requirements of California Government Code sections 900, et seq..

## NINETEENTH AFFIRMATIVE DEFENSE

### (Prosecutorial Immunity)

Answering Defendants allege each and every claim in the Complaint is barred because Answering Defendants have prosecutorial immunity.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 815.6)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 815.6. Specifically, where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 818.2)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 818.2.  Specifically, a public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 815)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 815.  Specifically, except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 815.2)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 815.2.  Specifically, except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.2)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 820.2.  Specifically, except as otherwise provided by statute, a public

employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him/her, whether or not such discretion be abused.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.4)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 820.4.  Specifically, a public employee is not liable for his/her act or omission, exercising due care, in the execution or enforcement of any law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.8)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 820.8.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 821.6)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 815.  Specifically, the City and/or the individual employees of the City are immune from liability for malicious prosecution or injury caused by their instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, even if they acted maliciously and without probable cause.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 818.2)

Answering Defendants allege that each and every state-law claim for relief contained in Plaintiff's Complaint is barred by the provisions of Government Code section 818.2.  Specifically, a public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative or Procedural Remedies)

Answering Defendants reserve as an affirmative defense that the Complaint is barred in that Plaintiff failed to exhaust administrative and procedural remedies.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

Answering Defendants allege that they are without sufficient information as to the nature and scope of Plaintiff's claims for relief to be able to be fully assess and set forth all potentially-applicable affirmative defenses in this matter. Accordingly, Answering Defendants hereby reserve the right to allege additional affirmative defenses as further information becomes known.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants pray as follows:

1.      That Plaintiff takes nothing by reason of her Complaint, and that judgment be entered in favor of Answering Defendants;

2.      That Answering Defendants be awarded costs of suit and attorney's fees incurred in defense of this action pursuant to 42 U.S.C. § 1988 and other legal grounds; and

1

    3.      For such other and further relief as the Court deems just and proper.

2

3

Dated: December 18, 2019                  Respectfully submitted,

4

                                      JONES & MAYER

5

6

                                      By:/s/ Denise L. Rocawich

7

                                      JAMES R. TOUCHSTONE

8

                                      DENISE L. ROCAWICH
                                      Attorneys for Defendants City of

9

                                      Lakewood, Bouwens, Carter,
                                      McGuckian, Southwell, Chambers,

10

                                      McCormack and Mendoza

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT