1 | James R. Touchstone, SBN 184584
2 | Denise L. Rocawich, SBN 232792
jrt@jones-mayer.com; dlr@jones-mayer.com;
JONES & MAYER
3 | 3777 North Harbor Boulevard
Fullerton, CA 92835
4 | Telephone: (714) 446-1400 / Facsimile: (714) 446-1448

5 | Attorneys for All Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. KRAGE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAKEWOOD, a municipal corporation; GEORGE BOUWENS; CHARLES CARTER; PATRICK MCGUCKIAN; SONIA DIAS SOUTHWELL; HOWARD I. CHAMBERS; THADDEUS MCCORMACK; JAMAAR BOYD-WEATHERBY; ADRIENNE L. MENDOZA; JONES & MAYER; RICHARD D. JONES; MARTIN J. MAYER; CALIFORNIA SUPERIOR COURT; LOS ANGELES COUNTY; DOES 1through 10, inclusive,<br><br>Defendants. | Case No: CV 19-6069 DOC (SHK)<br>Judge: Hon. David O. Carter<br><br>**DEFENDANT JAMAAR BOYD-WEATHERBY'S REPLY TO OPPOSITION TO MOTION TO DISMISS** |

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff's Opposition to Defendant Boyd-Weatherby's Motion is exceedingly confusing and repeatedly misstates the applicable law. Most importantly, it is unclear which, if any of Krage's claims Krage intends to maintain as she repeatedly states an intention to amend the Complaint and/or to forgo "monetary" claims.

## II. KRAGE'S OPPOSITION IS UNCLEAR AS TO INTENT TO AMEND AND OR DISMISS MONETARY CLAIMS

Krage has dismissed all Jones & Mayer Defendants with the exception of Jaamar Boyd-Weatherby. In Opposition, Krage states she "agrees not to seek monetary damages from Jaamar Boyd-Weatherby at the moment, and will remove that wording from the Complaint when it is amended…". Opposition, p.1 lns. 19-21; p. 4 lns. 18-20. Each of Krage's six claims for relief seek monetary damages. Thus, it is entirely unclear as to whether Krage contends that any of the six claims addressed in Defendants' Motion survive. As stated fully in Defendant's Motion, each of the six claims stated in the Complaint must fail, several for multiple reasons. Krage has provided no case law to the contrary in Opposition. Defendant Boyd-Weatherby cannot address the viability of claims neither plead nor proposed.

## III. KRAGE'S COMPLAINT AND OPPOSITION CONFUSE PUBLIC NUISANCE'S IN EQUITY WITH NUISANCES PER SE

It appears that the primary source of Krage's confusion and misguided assertions in her Complaint and Opposition to Defendant's Motion lie with confusion between nuisances in equity with nuisances per se and the differing evidentiary standards applicable to each. Krage repeatedly complains of a lack of

"compelling interest" on the part of the City and also repeatedly cites to statutory and case law regarding nuisances in equity.

Illegal conditions of a private property may constitute a public nuisance in equity. A public nuisance in equity is anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. Cal.Civ.Code § 3479. A public nuisance is "one which affects at the same time, an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage may be unequal." Cal.Civ.Code § 3480. Establishing a public nuisance in equity requires a stronger evidentiary showing than a nuisance per se.  Not only much a violation be established, but a city must also show that the violation is injurious to the broader community. As Defendant attempted to explain during the meet and confer process, public nuisances in equity are not an issue in this case. The higher evidentiary standard applicable to nuisances in equity and the need for a showing of effect on the community ***do not apply here***.

Rather, the foundation for the City's actions with regard to Krage's property and thus the basis of Krage's suit here is the law of nuisance per se. A nuisance per se exists whenever "a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance." Beck Development Co. v. Southern Pacific Transportation Co., 44 Cal.App.4th 1160 (1996); see also City of Claremont v. Kruse, 177 Cal.App.4th 1153, 1163–64 (2009). Accordingly, there are two elements to establish a nuisance per se: (1) a valid ordinance identifying a nuisance; and (2) a violation of that ordinance.

Demonstrating that an ordinance is valid is not a difficult hurdle for a city to surmount. As discussed at length in Defendant's Motion, cities are constitutionally authorized to make and enforce within their limits all local, police, and sanitary

ordinances, and other such regulations, not in conflict with the general laws. Cal. Const., art. XI, § 7; City of Costa Mesa v. Soffer, 11 Cal.App.4th 378, 382 (1992). This police power includes enacting ordinances not only to promote safety, but also to prevent blight. For example, in Disney v. City of Concord, 194 Cal.App.4th 1410 (2011), the Court upheld an ordinance regulating recreational vehicles parked on private property in public view as a valid exercise of the city's police power, even though the primary concern behind the ordinance was aesthetics. Disney, 194 Cal.App.4th at 1415-16. Indeed, "[a] legislatively declared public nuisance constitutes a nuisance per se against which an injunction may issue ***without allegation or proof of irreparable injury***." People ex rel. Dept. Pub. Wks. v. Adco Advertisers, 35 Cal.App.3d 507, 51 (1973). In addition, cities are statutorily authorized to declare what constitutes a nuisance. Cal.Gov.Code § 38771.

Krage does not deny the existence of statutorily defined nuisances on her property, nor does she argue the municipal code sections at issue are constitutionally invalid. Rather, Krage only argues the City must meet a standard it is not required to meet in order to enjoin the nuisances and also that the City of Lakewood, as a general law city rather than charter city, lacks authority to declare nuisances per se. See Compl. at ¶¶ 10, 11, 27. As discussed at length in Defendant's Motion, Lakewood is specifically authorized to pass the ordinances under which Krage was cited[1] under Government Code sections 38771 and 39501 and Vehicle Code section 22660.

In short, Krage's entire Complaint is based on numerous false premises and incorrect assumptions of the law. Krage should not be granted leave to amend for the simple reason that the foundation for Krage's ire with the City and thus any possible cause of action springing therefromn lies in assuming the City cannot take

---

[1] As Krage notes in Opposition, Defendant's exhibits to RJN were filed in the incorrect order. Lakewood Municipal Code 4320 et seq. appear at Exhibit "B" to the RJN, Lakewood Municipal Code 4330 et seq. appear at Exhibit "C" to the RJN, Lakewood Municipal Code 4900 et seq. appear at Exhibit "A" to the RJN and the criminal complaint documents filed in superior court appear at Exhibit "D" to RJN.

the actions which it is unequivocally permitted to take. Contrary to Krage's beliefs, the City can indeed enforce its municipal code sections with regard private properties within City boundaries without a "compelling need" for doing so and without proving any kind of injury to the public at large.

## IV. CONCLUSION

For all the foregoing reasons in addition to those discussed in Defendant's Motion, Defendant Jamaar Boyd-Weatherby requests that Plaintiff's Complaint be dismissed in its entirety as set forth above without leave to amend.

Dated:   January 13, 2020

Respectfully submitted,

JONES & MAYER

By: /s/ Denise L. Rocawich
    JAMES R. TOUCHSTONE
    DENISE L. ROCAWICH
    Attorneys for Defendants

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA    )**
**COUNTY OF ORANGE       )**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3777 North Harbor Blvd. Fullerton, Ca 92835. On January 13, 2020, I served the foregoing document(s) described as**, DEFENDANT JAMAAR BOYD-WEATHERBY'S REPLY TO OPPOSITION TO MOTION TO DISMISS** on each interested party listed below.

PATRICIA A. KRAGE
5708 Candor
Lakewood, California 90713
(562) 867-3230

<u>XX</u>   **(VIA OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery in the overnight delivery carrier depository at Fullerton, California to ensure next day delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 13, 2020, at Fullerton, California.

_____
Wendy A. Gardea