# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. KRAGE,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF LAKEWOOD, et al.,<br><br>       Defendants. | Case No. 2:19-cv-06069-JWH-SHK<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANTS' MOTION TO DISMISS** |

This Report and Recommendation ("R&R") is submitted to the Honorable John W. Holcomb, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  For the reasons set forth below, the Magistrate Judge recommends GRANTING Defendants' Motion to Dismiss the First Amended Complaint and DISMISSING the case with prejudice and without leave to amend.

## I.    SUMMARY OF RECOMMENDATION

On November 10, 2021, Plaintiff Patricia A. Krage ("Plaintiff"), proceeding pro se, filed her First Amended Complaint ("FAC") alleging violations of 42 U.S.C. § 1983 ("§ 1983").  Electronic Case Filing Number ("ECF No.") 43, FAC.  Plaintiff named as defendants:

- The City of Lakewood ("City");
- George Bouwens ("Bouwens"), a Code Enforcement Officer for the City, sued in his individual and official capacity;
- Charles Carter ("Carter"), a "Supervisor of George Bouwens, Code Enforcement Officer," sued in his individual and official capacity;
- Howard I. Chambers ("Chambers"), the former "City Manager," sued in his individual and official capacity;
- Thaddeus McCormack ("McCormack"), the current "City Manager," sued in his individual and official capacity;
- Adrienne L. Mendoza ("Mendoza"), the "City Prosecutor" who "filed [the] Criminal Complaint," sued in her individual and official capacity;
- Patrick McGuckian ("McGuckian"), "Supervisor of George Bouwens and Charles Carter, Code Enforcement Officer[s]," sued in his individual and official capacity; and
- Jamar Boyd-Weatherby ("Boyd-Weatherby"), "City Prosecutor," sued in his individual and official capacity.

Id. at 3-5.[1]

On November 23, 2021, Defendants filed a Motion to Dismiss the FAC ("MTD"), under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  ECF No. 44, MTD.  On January 31, 2022, Plaintiff filed an Opposition to the MTD ("Opposition").  ECF No. 51, Opposition.  On February 7, 2022, Defendants filed a Reply to Opposition to MTD ("Reply").  ECF No. 52.  On February 17, 2022, Plaintiff filed a "Short Reply" to Defendant's Reply ("Sur-Reply").  ECF No. 53.

For the reasons further explained in this R&R, the Magistrate Judge recommends that the District Judge GRANT Defendants' Motion to Dismiss the

---

[1]  Because Plaintiff's FAC contains pages that are not consecutively numbered, the R&R will use the page numbers assigned by the Court's electronic docketing system for clarity when citing Plaintiff's filings.

FAC [ECF No. 44], WITH PREJUDICE as to all parties.

## II.   BACKGROUND

### A.   Procedural History

On July 15, 2019, Plaintiff filed a Complaint alleging claims under § 1983; §§ 241 and 242; Cal. Civil Code § 52.1; and the State Bar Rules.  ECF No. 1, Complaint.  The Complaint was based on actions related to the enforcement of municipal codes involving nuisance violations related to Plaintiff's property.  The Complaint named as defendants: The City of Lakewood; The Los Angeles County Superior Court; George Bouwens, a Code Enforcement Officer; Charles Carter, Supervisor of Code Enforcement Officer Bouwens; Patrick McGuckian, City Employee and Supervisor to Officers Bouwens and Carter; Sonia Dias Southwell, Director of Community Development; Howard Chambers, the previous City Manager; Thaddeus McCormack, the current City Manager; Jamar Boyd-Weatherby, a Deputy Prosecutor; Adrienne L. Mendoza, a Deputy Prosecutor; Jones & Mayer, Professional Law Corporation; and Martin J. Mayer, partner and managing attorney at Jones & Mayer.  Id. at 1, 5-12.  Plaintiff alleged that Defendants deliberately and negligently violated her rights under the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, id. at 2, 18-19, 22-25, and conspired to violate her constitutional rights in violation of § 1983 and §§ 241 and 242, see id. at 26-28.  Plaintiff also alleged that attorney Defendants Mendoza and Boyd-Weatherby violated State Bar Rules by suppressing evidence and misleading the tribunal.  See id. at 28-29.  Finally, Plaintiff alleged that Defendants violated multiple criminal codes and laws and Cal. Civil Code § 52.1.  Id. at 29-30.

On December 18, 2019, Defendants Boyd-Weatherby, Jones & Mayer, and Jones filed a MTD under Rule 12(b)(6).  ECF No. 13, MTD.  That same day Defendants Bouwens, Carter, Chambers, McCormack, McGuckian, Mendoza, and Southwell filed their Answer to Plaintiff's Complaint, ECF No. 16, and, the following month, a Motion for Judgment on the Pleadings.  ECF No. 27.

3

Defendants also requested that the Court take judicial notice of Municipal Codes §§ 4320 et seq., Municipal Codes §§ 4330 et seq., Municipal Codes § 4900 et seq. and the First Amended Complaint in <u>People of the State of California v. Patricia A Krage and James A Krage</u>, Los Angeles, Superior Court Case No. 8BL05411.  ECF Nos. 15, 28.  Plaintiff filed Notices of Dismissal as to Defendants Jones & Mayer, Jones, and the Los Angeles County Superior Court, ECF Nos. 22, 23, 27, but opposed the Defendants' Motion to Dismiss and the Motion for Judgment on the Pleadings.  ECF Nos. 21, 33.

On October 19, 2021, the Court granted Defendants' Motions to Dismiss and for Judgment on the Pleadings as to Plaintiff's claims under §§ 241 and 242 and the State Bar Rules, dismissing those claims with prejudice.  ECF No. 41.  The Court also dismissed Plaintiff's claim under Cal. Civil Code § 52.1, declining to exercise supplemental jurisdiction over the state law claim.  <u>Id.</u> at 2.  The Court granted Defendants' request to take judicial notice of Municipal Codes §§ 4320 et seq., Municipal Codes §§ 4330 et seq., Municipal Codes § 4900 et seq. and the First Amended Complaint in <u>People of the State of California v. Patricia A Krage and James A Krage</u>, Los Angeles, Superior Court Case No. 8BL05411, finding that the City of Lakewood possessed the authority to pass ordinances and regulate private nuisances within its jurisdiction that did not conflict with the United States or California Constitutions.  <u>Id.</u> at 2-3.  Based on that, the Court dismissed Plaintiff's 42 U.S.C. § 1983 claims without prejudice, granting Petitioner leave to file an amended complaint.  <u>Id.</u> at 2.  Plaintiff was warned, however, that "absent a conflict with the U.S. or California Constitution, the City had the authority to investigate, cite, and prosecute Plaintiff for alleged nuisances on her property and for failing to remedy the alleged Lakewood Municipal Code ("LMC") violations."  <u>Id.</u> at 3.

**B.      The First Amended Complaint**

On November 10, 2021, Plaintiff filed a FAC, suing the City and Defendants Bouwens, Carter, Chambers, McCormack, Mendoza, McGuckian, and Boyd-

4

Weatherby, in both their individual and official capacities.  ECF No. 43, FAC at 3-5.  The allegations in the FAC arise from a City code investigation of Plaintiff's property and numerous citations for municipal code violations that eventually led to the criminal prosecution of Plaintiff and her husband in California state court.  See id. at 11-20; ECF No. 44, MTD at 1-2.

     1.    <u>Factual Allegations</u>

For purposes of this MTD, the Court accepts as true the factual allegations in the FAC, construing them in the light most favorable to Plaintiff, and they are as follows:

The City "harassed" Plaintiff for "many years" with numerous citations for municipal code violations based on "petty allegations of minor blemishes to the property, like small paint chips missing or aesthetic whims as to how Plaintiff should manage her garden or what items are allowed to remain in her private back and side yards."  ECF No. 43, FAC at 19.  The City's citations of Plaintiff were made after "visits based on anonymous complaints for frivolous matters . . . [including] complaints of minor chipped paint on a front door post, [ ] complaints of paint peeling on back yard eaves, [ ] edible garden plants . . . that are tall in the back yard and only viewable over a fence about 6 foot high, [ ] a swing set, [ ] extra bicycles well organized on a rack, [ ] an extra [b]arbecue, [ ] exercise equipment, [ ] garden accessories, [ ] [and] ornamental items[.]"  Id. at 33.  The nuisance complaints and violations were all based on "aesthetic judgments" that conflicted with Plaintiff's "placement of objects for enjoyment in a private back yard" that "could be considered Objects d'Art."  Id. at 16, 33-34.

The City "sought to compel Plaintiff and her [s]pouse to bow to their aesthetic wishes by filing a [c]riminal [c]omplaint against Plaintiff."  Id. at 24.  The City "has no legal or lawful authority to impose mere Municipal Codes on Plaintiff's [p]rivate [p]roperty" absent a "compelling government purpose" and "without naming any [h]azard."  Id.  The City "act[ed] without [a]uthority to

impose mere municipal codes of Plaintiff's [p]rivate [p]roperty under [c]olor of [l]aw by miscategorizing items, in violation of Plaintiff's god-given [r]ights." Id. The City failed to determine or demonstrate "the existence of any [h]azard" or "threat" on Plaintiff's property or provide Plaintiff "with any compelling government purpose for their aesthetic objections." Id.[2]

2.   Causes Of Action

Plaintiff lists three causes of action in her FAC.

First, Plaintiff alleges an intentional deprivation of civil right under 42 U.S.C. § 1983, claiming that Defendants deliberately violated her rights under the First, Fourth, Fifth, and Fourteenth Amendments. Id. at 6, 37-39.  Plaintiff alleges that the alleged nuisances were not a "[h]azard, not viewable by the [p]ublic," and there existed "no compelling purpose" for governmental enforcement of the municipal codes in violation of her right to "free expression" under the First Amendment. Id. at 6.  Plaintiff also contends that the execution of "multiple search warrants . . . with insufficient declarations" amounted to harassment and were in violation of the Fourth Amendment. Id.  Plaintiff asserts that the City's "[s]elective [e]nforcement" of the municipal codes as to her "private property" violated the equal protection of the law under the Fourteenth Amendment and amounted to a "'taking' protected by the 5th Amendment." Id.

Petitioner claims that the City "participat[ed] in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property" and "participat[ed] in a fraudulent scheme to improperly coerce Plaintiff into stipulating to a *sham* state court criminal [ ] case," and "participat[ed] in a fraudulent scheme to implement the objectives of the Plan as it relates to [Plaintiff's] [p]roperty . . . by pursuing a *sham* criminal [ ] case after

---

[2]  The factual allegations made by Plaintiff in the FAC are nearly identical to the factual allegations contained in the original Complaint.  Compare ECF No. 1, Complaint at 1-22, with ECF No. 43, FAC at 19-37.

sham notice of violation against Plaintiff." Id. at 38 (emphasis in original).
Plaintiff claims Defendants have violated the just compensation clause of the Fifth
Amendment, the due process clause of the Fourteenth Amendment, and Plaintiff's
right to freedom of expression under the First Amendment. Id.

Second, Plaintiff alleges a negligent deprivation of civil right under 42
U.S.C. § 1983, claiming that Defendants negligently violated her rights under the
First, Fourth, Fifth, and Fourteenth Amendments. Id. at 7, 39-41. Plaintiff
reiterates the claims from the first cause of action but adds that Defendants actions
were taken "with deliberate indifference to, or with reckless disregard for,
Plaintiff's rights or for the truth," and that Defendants "knew or should have known
of the unconstitutional conduct alleged herein and failed to prevent it, which each
had a responsibility to do." Id. Plaintiff contends that Defendants "were each
jointly and severally responsible" for the deprivations of constitutional rights
suffered by Plaintiff.

Third, Plaintiff alleges that all Defendants engaged in a conspiracy to violate
Plaintiff's civil rights under 42 U.S.C. § 1983. Id. at 8, 41-42. Plaintiff alleges
Defendants acted in furtherance of a conspiracy to violate Plaintiff's constitutional
rights as set out in the first and second causes of action. Id. Plaintiff argues that
Defendants are "joint actors" who are responsible "for the failures and omissions of
the other [Defendants]." Id. at 41.

3.   Relief Sought

Plaintiff seeks: (1) an unspecified amount of "compensatory damages"; (2)
an unspecified amount of "[s]pecial damages"; (3) $1,000,000 in damages for each
of "the 4 claims filed 10/18/2018 and denied 1/17/19, File Numbers: 1986759
SWM and 19875136," for a total of $4,000,000; (4) exemplary and punitive
damages against all Defendants, except the City, "where permitted by law"; (5)
prejudgment interest at the maximum legal rate; (6) an injunction "against the
further use of Municipal Codes [on] Plaintiff's private property without a

7

specifically alleged [h]azard"; and (7) costs incurred from the suit, including attorney fees, as permitted by law.  Id. at 42.

**C.     Defendants' MTD**

In their Motion, Defendants ask the Court to dismiss Plaintiff's Complaint under Rule 12(b)(6).  ECF No. 44, MTD at 1.  Defendants argue: (1) the FAC was untimely filed; (2) Plaintiff failed to make substantive additions to the factually deficient original Complaint; (3) the City has authority to declare and abate nuisances and the authority to appoint a city attorney to prosecute violations of city municipal codes; (4) Plaintiff's first, second, and third causes of action for relief fail because Defendants are entitled to prosecutorial immunity and qualified immunity; (5) Plaintiff's first, second, and third causes of action for relief fail because Plaintiff fails to state facts sufficient to constitute a viable due process claim; (6) Plaintiff's first, second, and third causes of action for relief fail because Plaintiff's FAC contains no allegations showing personal involvement by Defendants; and (7) Plaintiff's second cause of action fails because the guarantee of due process applies only to deliberate decisions of government officials, not negligent decisions.  Id. at 3-12.

**D.     Plaintiff's Opposition To MTD**

In the Opposition, Plaintiff argues that the FAC was not untimely filed, as it was filed 21 days after the service date of the MTD.  ECF No. 51 at 1, 14.  Plaintiff asserts that the City cannot be entitled to absolute immunity because there was no "[h]azard" found on Plaintiff's property and, thus, no "compelling government purpose" to enforce the abatement of a "[p]rivate [n]uisance."  Id. at 11-15.  Plaintiff argues that the City cannot abate a private nuisance unless it is declared a public nuisance, which was never done.  Id. at 15-16, 33.

Plaintiff contends that Defendants Mendoza and Boyd-Weatherby, as well as the other Defendants, are not entitled to absolute or qualified immunity because they "directed investigative activity, which was not quasi-judicial."  Id. at 17-18.

Plaintiff repeats arguments that she has constitutional rights to "freedom of speech" and "freedom of artistic expression," and the Defendants violated her right to "peaceful use of [her] private property." Id. at 25-26.  She argues that "objects for enjoyment in a private back yard should . . . be protected against aesthetic judgments of violations of municipal codes" without evidence of a hazard or compelling government purpose. Id. at 26-27.  Plaintiff contends that the "selective enforcement" of municipal code violations violated her constitutional rights to privacy and to be free from unreasonable search and seizure. Id.   Plaintiff concludes by acknowledging that the City has the "authority to pass ordinances relating to nuisance abatement" but asserts that the City lacked the authority to enforce them on a "whim" without showing a public hazard or compelling government purpose. Id. at 32.[3]

**E.    Defendants' Reply to Opposition**

In their Reply, Defendants argues that the FAC was filed one day late and, therefore, should be dismissed.  ECF No. 52 at 1.  Defendants also argue that Plaintiff's Opposition to the MTD makes "new legal arguments" and contains "facts outside the complaint," which are improper. Id. at 2-3.  Defendants ask that the FAC be dismissed in its entirety without leave to amend. Id. at 4.

**F.    Plaintiff's Sur-Reply**

Plaintiff argues that the FAC was timely because Plaintiff was served with notice of the MTD exactly 21 days before the FAC was filed, as required by the Court's Order.  ECF No. 53 at 1-2.  Plaintiff agrees not to seek monetary damages from Defendant Boyd-Weatherby, though she contends she can prove a cause of

---

[3]   The Opposition also includes several pages of "additional factual allegations" that Plaintiff suggests will "go into a 2nd Amended Complaint." Id. at 3-11.  These factual allegations include a claim that the City engaged in "elder abuse" by attempting to "break the emotion of a 70-year-old Mr. Krage." Id. at 3.  Mr. Krage (i.e., Plaintiff's husband), however, is not a party to this suit. Other factual allegations do not appear to be new but, rather, further elaboration of the municipal code violations relating to a non-operational recreational vehicle parked in the driveway, a tent in the backyard, and trash cans visible in the front yard. Id. at 6-11.

9

action against him if granted discovery.  Id. at 2-3.  Plaintiff should be allowed to file a second amended complaint "to show added facts and possibly a new cause of action" and add her spouse as an additional plaintiff.  Id. at 5-6.

### III.    LEGAL STANDARDS

#### A.    Motion To Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  This does not require a pleading to include detailed factual allegations and a "'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

However, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Ebner v. Fresh, Inc., 838 F.3d 958, 963 (9th Cir. 2016) (as amended) (quoting Iqbal, 556 U.S. at 679).

To the extent a factual allegation meets this standard, a court must accept the allegation as true at the pleading stage.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011); see also Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (finding that courts must "accept factual allegations in

10

the complaint as true and construe the pleadings in the light most favorable to the nonmoving party") (citation omitted).  Factual allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" do not meet the standard of facial plausibility and will not be accepted as true.  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

The Court must also consider Plaintiff's position as a pro se litigant at the pleading stage and construe the pleading liberally.  See Byrd v. Phoenix Police Dep't, 885 F.3d 639, 643 (9th Cir. 2018) (finding that pro se litigant's allegations were sufficient where his "use of a colloquial, shorthand phrase ma[d]e[ ] plain that Byrd [wa]s alleging that the officers' use of force was unreasonably excessive" and was "reinforced by his allegations about the resulting injuries"); see also Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them.").  This means that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); see Fed. R. Civ. P. 8(e) (stating that "[p]leadings must be construed so as to do justice").

In analyzing a Rule 12(b)(6) motion, "the Court is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters suitable for judicial notice, as well as exhibits attached to the complaint." Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012), aff'd, 676 F. App'x 690 (9th Cir. 2017) (internal citations omitted).  Further, Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed R. Civ. P. 12(d).

Finally, if the Court finds the complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible for a plaintiff to correct the defects in the complaint, especially if the plaintiff is pro se.  Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11.

## B.    Section 1983 Claim

To state a claim for a civil rights violation under § 1983, a plaintiff must allege that: (1) a particular defendant, (2) acting under color of state law, (3) deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Suits against government officials under § 1983 in their individual capacities "seek to impose personal liability upon a government official for actions he takes under color of state law."  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Section 1983 requires that plaintiffs show that a person's act or omission constituted a breach of duty that proximately caused the alleged constitutional injury.  Mendez v. Cty. of Los Angeles, 897 F.3d 1067, 1074 (9th

12

Cir. 2018).

For conduct to constitute an action taken "under color of law," "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible." West, 487 U.S. at 49 (internal quotations omitted).

## IV.   DISCUSSION

### A.   Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, 899 F.3d 988, 999-1000 (9th Cir. 2018) (citation and internal quotation marks and alterations omitted); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (holding that a court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations and internal quotation marks omitted).

Previously, in dismissing Plaintiff's original Complaint, the Court took judicial notice of Municipal Codes §§ 4320 et seq., Municipal Codes §§ 4330 et seq., Municipal Codes § 4900 et seq. and the First Amended Complaint in People of the State of California v. Patricia A Krage and James A Krage, Los Angeles, Superior Court Case No. 8BL05411, finding that the City of Lakewood possessed the authority to pass ordinances and regulate private nuisances within its jurisdiction that did not conflict with the United States or California Constitutions. ECF No. 41 at 2-3.  Further, the Court determined, absent a constitutional conflict,

13

the City had the authority to investigate, cite, and prosecute Plaintiff for alleged
nuisances on her property and for failing to remedy the alleged municipal code
violations.  Id. at 3.  Plaintiff acknowledges as much and, thus, the Court's
determinations remain in effect.

**B.      Plaintiff Fails To Adequately Plead Her Claims Under § 1983.**

Noting that the Court dismissed the original Complaint with leave to amend
because Plaintiff "failed to state sufficient facts to support" the § 1983 claims,
Defendants argue that the FAC is "identical word for word when identifying
exactly what each [D]efendant's role is" in the alleged constitutional violations.
ECF No.44, MTD at 3.  "Because no additional facts have been provided to comply
with" this inadequacy, Defendants argue that the § 1983 claims should be
dismissed.  Id. at 4.

Under Rule 8, a plaintiff must provide a short, plain statement showing that
she "is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not include
detailed factual allegations and a "'claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.'"  Cook, 637 F.3d at 1004 (quoting
Iqbal, 556 U.S. at 678).  However, a plaintiff must include "sufficient allegations of
underlying facts to give fair notice and to enable the opposing party to defend itself
effectively."  Starr, 652 F.3d at 1216.  "[A] pleading may not simply allege a wrong
has been committed and demand relief."  Sherrell v. Bank of Am., N.A., No. CV F
11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).
Additionally, where a plaintiff sues multiple defendants, "[s]pecific identification of
the parties to the activities alleged by [a plaintiff] is required . . . to enable the
defendant to plead intelligently."  Id. (internal quotations omitted).  Finally, "[i]n
order for a person acting under color of state law to be liable under [§] 1983 there
must be a showing of personal participation in the alleged rights deprivation: there
is no respondeat superior liability under [§] 1983."  Jones v. Williams, 297 F.3d

930, 934 (9th Cir. 2002).

The Magistrate Judge agrees that Plaintiff's claims and factual support in the FAC are nearly identical to those in the original Complaint.  In fact, it appears that in the FAC Plaintiff essentially copied the original Complaint, making minor edits to remove parties and actions that had been dismissed by the Court.  <u>Compare</u> ECF No. 1, Complaint at 1-22, <u>with</u> ECF No. 43, FAC, Supplement at 19-37.  Once again, the Complaint fails to adequately identify each specific Defendants' role and participation in the allegedly unconstitutional acts.  Plaintiff merely states that the City and its agents—Defendants Bowens, Carter, and McGuckian—acted under color of law by using "aesthetic judgment" that led to municipal code citations that violated Plaintiff's constitutional rights.  ECF No. 43, FAC at 3-5.  Plaintiff asserts Defendants Chambers and McCormack "allowed the harassment" of Plaintiff but provides no supporting details.  <u>Id.</u> at 4-5.  Finally, Plaintiff makes conclusory claims City Attorneys' Boyd-Weatherby and Mendoza improperly prosecuted her for the municipal code violations but offers provides no factual support for allegations that Boyd-Weatherby filed "false affidavits" or that Mendoza was not authorized to file a criminal complaint.  <u>Id.</u> at 5-6.

These general statements fail to comply with the requirements under Rule 8.  <u>See, e.g.</u>, <u>Yamaguchi</u>, 109 F.3d at 1481; Fed. R. Civ. P. 8.  Defendants have no reasonable ability to respond in their defense to Plaintiff's allegations.  <u>See Starr</u>, 652 F.3d at 1216 ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  Complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" who cannot reasonably "determine who is being sued for what."  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

Here, Plaintiff attempts to simply hold at fault all persons tangentially involved in the municipal code violations relating to cited nuisances in her yard

without adequate description of their individual actions and how such actions specifically violated her constitutional rights.  Therefore, because Plaintiff has failed to remedy the pleading deficiencies in the original Complaint, the Court is again unable to ascribe specific conduct to particular Defendants as required by § 1983.  See Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (explaining that claim brought under § 1983 has a "causation requirement" with liability extending to those state officials who subject, or cause to be subjected, an individual to a deprivation of his constitutional rights).

Furthermore, Plaintiff again implies that Defendants McGuckian, Chambers, and McCormack are liable simply for supervising the activity of their subordinates. ECF No. 43, FAC at 6-7.  Defendants contend that there can be no § 1983 liability without "showing personal involvement" by the individuals.  ECF No. 44 at 11. The Court agrees.  There is no respondeat superior liability—i.e., liability of a supervisor for acts of a supervisee.  Williams, 297 F.3d at 934.  Each defendant is only liable for his or her own misconduct, see Iqbal, 556 U.S. at 677, which Plaintiff fails to elaborate in the FAC.

Despite giving Plaintiff the opportunity to cure the deficiencies previously identified in the original Complaint, the FAC is nearly identical in its vague and conclusory allegations against Defendants. Therefore, it appears further leave to amend this claim would be futile.  See Ismail, 917 F. Supp. 2d at 1066 ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); Cato, 70 F.3d at 1107-11.  Accordingly, the Magistrate Judge recommends that the MTD be GRANTED with prejudice and without leave to amend.

**C.**     **Plaintiff Fails To Allege Sufficient Facts To State A Claim For A Procedural Due Process Violation.**

Defendants argue that Plaintiff fails to plead the necessary facts to allege a

due process violation under § 1983.  ECF No. 44, MTD at 10.  Specifically, Defendants argue that, in dismissing the due process claim in the original Complaint, the Court found that a property owner does not have a constitutionally protected right to maintain their property in a manner that constitutes a nuisance. Id.

The Due Process Clause of the Fourteenth Amendment protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  To state a claim for a procedural due process violation, a Plaintiff must allege: (1) the existence of a constitutionally protected property or liberty interest; (2) a deprivation of that interest by the government; (3) without due process.  Portman v. Cty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

In the FAC, Plaintiff realleges that Defendants violated her due process rights by "[p]articipating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property," and "coerce[d] Plaintiff into stipulating to a *sham* state court criminal complaint case" and by "pursuing a *sham* criminal complaint case after sham notice of violation against Plaintiff."  ECF No. 43, FAC at 38.  Plaintiff alleges the Defendants acted "with deliberate indifference to or, with reckless disregard for, Plaintiff's rights." Id.  Once again, however, Plaintiff alleges no facts to support her conclusory claim that the actions taken by the Defendants relating to the municipal code violations were a "sham" or, in any way, violative of due process.  As before, Plaintiff's FAC does not provide the necessary facts to make out a procedural due process claim because a property owner does not have a constitutionally protected right to maintain her property in a manner that constitutes a nuisance.  See Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010) (stating that, although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim or it should be dismissed pursuant to Rule 12(b)(6)).

Because Plaintiff has been afforded a second opportunity to state sufficient

17

facts to support her procedural due process claim, and has failed to do so, the Magistrate Judge recommends that the District Judge DISMISS Plaintiff's due process claim with prejudice and without leave to amend.

**D.  Plaintiff Fails To Allege Sufficient Facts To State A Claim For An  Equal Protection Violation.**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).  To state a § 1983 equal protection claim, a plaintiff must allege that he was treated differently from others who were similarly situated without a rational basis or discriminated against based on her membership in a protected class.  See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (stating the elements of a § 1983 equal protection claim based on membership in protected class).

Plaintiff claims that that Defendants selectively enforced the City's municipal codes relating to the nuisance violations on her private property in violation of equal protection.  ECF No. 43, FAC at 34; ECF No. 51, Opposition at 26, 28-29.  Plaintiff suggests that that the Defendants' actions amounted to "elder abuse" because she is 67 years old.  ECF No. 51, Opposition at 35.  Plaintiff, however, provides no facts to show that she was discriminated against because of her age or nor that she was treated differently than others with regard to the enforcement of municipal code violations.[4]   As such, this vague and conclusory allegation does not state a potentially colorable equal protection claim and should be dismissed.  See Dews v. Cty. of Kern, 599 F. App'x 681, 682 (9th Cir. 2015)

---

[4]  Age is not a protected class under the Fourteenth Amendment's Equal Protection Clause.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 83 (2000) ("States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest.").

(finding that district court properly dismissed plaintiff's equal protection claim because he "failed to allege facts sufficient to show that he was a member of a protected class or that he was intentionally treated differently from other similarly situated individuals for an irrational reason"); Williams v. Doe, 343 F. App'x 196, 197 (9th Cir. 2009) (finding district court properly dismissed vague  and conclusory § 1983 equal protection allegations for failure to state claim).

Accordingly, the Magistrate Judge recommends that Plaintiff's equal protection claim be DISMISSED with prejudice.

**E.    Plaintiff Fails To Allege Sufficient Facts To State A Claim For A Taking Under The Fifth Amendment.**

The Fifth Amendment Takings Clause prohibits "private property" from being "taken for public use, without just compensation."  U.S. Const. amend. V. There are two types of "per se" takings: (1) permanent physical invasion of the property, Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426 (1982), and (2) a deprivation of all economically beneficial use of the property, Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015-16 (1992); see also Knick v. Township of Scott, Pa., 139 S. Ct. 2162, 2167-68 (2019) ("A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it.  The property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time.").

Plaintiff claims that Defendants violated her right to "peaceful use of . . . private property without unreasonable interference" and constituted a "taking" under the Fifth Amendment.  ECF No. 43, FAC at 34; ECF No. 51, Opposition at 26.  Plaintiff, however, has not alleged any facts that demonstrate that Defendants permanently invaded Plaintiff's property or deprived her of all economically beneficial use of her property.  In fact, Plaintiff has not alleged any facts showing

19

that Defendants' actions prevented Plaintiff from using their land at all.  Rather, Plaintiff seemingly puts forth the novel theory that a taking occurred when the City acted to enforce its municipal codes regarding private nuisances that interfered with her "placement of objects for enjoyment in a private back yard" that "could be considered Objects d'Art."  See ECF No. 43, FAC at 16, 33-34.  The Court finds no legal support for such a claim under the Fifth Amendment.  Rather, as the Court has previously found, absent a constitutional conflict, the City had the authority to investigate, cite, and prosecute Plaintiff for alleged nuisances on her property and for failing to remedy the alleged municipal code violations.

Accordingly, the Magistrate Judge recommends that Plaintiff's Fifth Amendment Takings claim be DISMISSED with prejudice for failure to state a claim.

**F.    Defendants' Motion To Dismiss Based On Prosecutorial And Qualified Immunity Should Be Granted.**

Defendants argue that their actions relating to enforcing the nuisance codes are protected by prosecutorial and qualified immunity and cannot form the basis for Plaintiff's § 1983 claims. ECF No. 44, MTD at 6-9.  Specifically, Defendants Boyd-Weatherby and Mendoza argue that prosecutorial immunity shields them from liability for damages under § 1983 for their acts of enforcing the municipal code violations against Plaintiff.  Id. at 7.  The remaining City Defendants also argue that they are entitled to prosecutorial immunity for their role in investigating and preparing for the prosecution of Plaintiff.  Id.  Finally, all Defendants contend that they are protected from Plaintiff's suit under qualified immunity because they were specifically authorized by law to enforce the City's nuisance laws and Plaintiff had no clearly established right to avoid prosecution for any violations.  Id. at 9.

In § 1983 actions, certain government officials are entitled to absolute immunity from liability and damages when performing certain functions.  This

"functional approach" looks to "the nature of the function performed, not to the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (internal citations omitted).

With respect to prosecutors, they are entitled to absolute immunity from liability under § 1983 when they are acting pursuant to their official role as advocate for the state and performing functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1979). Activities intimately connected with the judicial phase of the criminal process include decisions regarding when to initiate prosecutions, deciding what witnesses and evidence to present, and deciding whether to dismiss claims. Hartman v. Moore, 547 U.S. 250, 261-62, 262 n.8 (2006); Imbler, 424 U.S. at 431 n.33. Conversely, prosecutors are not entitled to absolute immunity when a prosecutor gives advice to police during a criminal investigation, Burns v. Reed, 500 U.S 478, 495-96 (1991), making statements to the press, or to a prosecutor's fabrication of evidence during a preliminary investigation, Buckley, 509 U.S. at 275, 277.

With respect to asserting the defense of qualified immunity, governmental officials or employees performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights about which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966 (9th Cir. 2010) ("[Q]ualified immunity covers only defendants in their individual capacities.").

"To determine whether a right was clearly established," courts look to Supreme Court and applicable circuit court law "existing at the time of the alleged act." Cmty. House, Inc., 623 F.3d at 967. Courts analyze this test under an objectively reasonable standard, assessing whether it would be clear to an objectively reasonable municipal employee that his or her conduct was unlawful in

21

1    the situation confronted.  See id.; Pearson v. Callahan, 555 U.S. 223, 243-44
2    (2009).
3        In conducting this analysis, the Supreme Court has held, "the better approach
4    to resolving cases in which the defense of qualified immunity is raised is to
5    determine first whether the plaintiff has alleged a deprivation of a constitutional
6    right at all."  Cty. of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).
7        Although the FAC lacks details as to the alleged wrongdoing by each of the
8    Defendants, Plaintiff generally contends that City Attorney's Boyd-Weatherby and
9    Mendoza improperly obtained search warrants for Plaintiff's property with
10   "insufficient declarations," resulting in a "sham notice of violation," and ultimately
11   "pursu[ed] a sham criminal [ ] case" against Plaintiff.  ECF No. 43, FAC at 5-6, 38
12   (emphasis omitted).  Generally, the application of a warrant is closely related to the
13   prosecutorial role protected by prosecutorial immunity.  See Kalina v. Fletcher, 522
14   U.S. 118, 129 (1997) (finding that a prosecutor's preparation and filing of a
15   "motion for an arrest warrant" is "protected by absolute immunity" as "part of the
16   advocate's function"); see also Imbler, 424 U.S. at 431 n.33 (holding prosecutorial
17   immunity applies to "actions preliminary to the initiation of a prosecution" when
18   performed as an "advocate for the State").  So, too, is the prosecutor's decision to
19   charge Plaintiff with a municipal code violation and prosecute the case in court.
20   See, e.g., Spitzer v. Aljoe, No. 13-CV-05442-MEJ, 2014 WL 1154165, at *12
21   (N.D. Cal. Mar. 20, 2014) (citing Imbler, 424 U.S. at 430) (holding city attorneys
22   were entitled to absolute immunity because their purported conduct fell within the
23   "prosecution of the [c]ity's administrative code enforcement action against
24   [p]laintiffs").
25       Accordingly, the Magistrate Judge recommends that the Court DISMISS the
26   claims against Defendants Boyd-Weatherby and Mendoza because they are entitled
27   to prosecutorial immunity.
28       As for the remaining Defendants, to the extent Plaintiff claims that they

22

violated her rights by inspecting her property and issuing citations for nuisance violations, the Court finds that prosecutorial immunity does not generally shield them from liability.  See Muhammad v. City of Moreno Valley Code Enforcement, No. 5:21-cv-01204-JGB (SP), 2022 WL 837421, at *6 (C.D. Cal. Mar. 21, 2022) ("[A]ssuming the function at issue is the inspection of the property and issuance of citations by a code enforcement officer, defendant would likely not be entitled to prosecutorial immunity because the code enforcement officer's actions appear to be solely administrative and investigative in nature."); Autotek, Inc. v. Cnty. of Sacramento, No. 2:16-cv-01093-KJM-CKD, 2020 WL 4059564, at *14 (E.D. Cal. Jul. 20, 2020) (declining to find code enforcement officer's actions were "inherently prosecutorial"); VNT Property 1, LLC v. City of Buena Park, No. SA CV 15-0007-DOC (RNBx), 2015 WL 12762257, at *6 (C.D. Cal. Aug. 11, 2015) (finding no relevant legal support to extend prosecutorial immunity to city officials who enforce the municipal code).

Nevertheless, all the Defendants, including Defendants Bouwens, Carter, Chambers, McCormack, and McGuckian are entitled to qualified immunity for their actions in enforcing the City Municipal Code.  Plaintiff puts forth no factual allegations that these Defendants, in their capacities as code enforcement officers or city managers or city attorneys, acted unreasonably in citing Plaintiff for nuisance violations on her property.  See Anderson v. Creighton, 483 U.S. 635, 638-39 (1987) (finding public employees are entitled to qualified immunity when they engage in a course of conduct that a reasonable official would have believed was lawful).  The Court has already determined that the City had the authority to investigate, cite, and prosecute Plaintiff for alleged nuisances on her property.  ECF No. 41 at 3.  For the most part, Plaintiff concedes this point, though she argues it was improper because her private property did not involve a "[h]azard" and there was no "compelling government purpose."  ECF No. 51 at 13-14.  Plaintiff's factual allegations do not suggest, however, that Defendants would have reasonably

believed that they were acting unlawfully in violation of Plaintiff's constitutional rights in citing Plaintiff for nuisance violations.  <u>See, e.g.</u>, <u>First Southern Baptist Church of Cathedral City, Inc. v. Cathedral City</u>, No. CV 08-4280 ODW (PLAx), 2008 WL 11410025, at *6 (C.D. Cal. Oct. 30, 2008) (finding code enforcement officials entitled to qualified immunity where "[t]he record contains no evidence to suggest that a reasonable official . . . would have believed that he or she was acting unlawfully in citing [p]laintiff for the particular [c]ode violations at issue").

For these reasons, the Magistrate Judge recommends that the Court DISMISS the claims against all Defendants because they are entitled to qualified immunity.

## V.    RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) ACCEPTING the findings in this Report and Recommendation; (2) GRANTING Defendants' MTD the FAC [ECF No. 44]; and DISMISSING the matter with prejudice.

DATED:  August 22, 2022

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but may be subject to the right of any party to file Objections as provided in the Local Rules and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.